*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SPENCER JAMES SMITH,

        Plaintiff-Appellant,

and

BLUE CARE NETWORK,

        Intervening Plaintiff,

V

MM1, INC., and EMPLOYERS MUTUAL
CASUALTY COMPANY,

        Defendants-Appellees.

UNPUBLISHED
December 10, 2020

No. 349649
MCAC
LC No. 17-000026

Before: REDFORD, P.J., and RIORDAN and TUKEL, JJ.

PER CURIAM.

Plaintiff appeals by leave granted[1] the Michigan Compensation Appellate Commission's (MCAC) opinion and order denying plaintiff's worker's compensation claim against defendants MM1, Inc. and Employers Mutual Casualty Company. In doing so, the MCAC reversed the opinion and order of the magistrate, who had awarded worker's compensation benefits to plaintiff. Plaintiff argues that the MCAC erred by failing to defer to the magistrate's factual findings and credibility determinations. We agree. Consequently, we vacate the MCAC's opinion and order and remand for further proceedings consistent with this opinion.

## I. UNDERLYING FACTS

Plaintiff was a high school teacher employed by defendant MM1 when he was injured in a car accident on October 31, 2013. The accident occurred in the middle of the school day. Due to

---

[1] *Smith v MM1, Inc*, unpublished order of the Court of Appeals, entered October 31, 2019 (Docket No. 349649).

the injuries plaintiff sustained in the accident, he does not recall why he left school on the day of the accident. At the time of the accident, Sharon McPhail was the superintendent of the high school. At trial, McPhail suggested that the school held a Halloween event during which candy was distributed. This case revolves around whether plaintiff was injured while on his way to buy candy, at McPhail's request, for the Halloween event.

Plaintiff's mother, Teri Smith, testified that, while she and McPhail were visiting plaintiff in the hospital, McPhail told Smith that she sent plaintiff out to buy candy on the day of the accident. McPhail denied making such a statement. A school administrator, William Coleman III, was present when the statement allegedly was made; he denied hearing McPhail make such a statement.

On May 12, 2017, the magistrate issued his opinion and order awarding worker's compensation benefits to plaintiff. This decision was based on a determination regarding the credibility of Smith and McPhail.

> Smith testified in a very credible and straightforward way. She testified that the only work connection in this case came about when Ms. McPhail spoke to her in the hospital when she came to her son's bedside. Her statement to Ms. Smith was: "I sent him out for candy". I believe this statement was made to her. Ms. Smith had no reason or even remote likelihood of making this up. She was focused on her son and his recovery. She testified that throughout the process of caring for her son's needs her focus was on speeding his recovery. Ms. Smith testified further that she just wanted them to: "make a decision about the workers' compensation one way or the other", so that her son's care would be handled. There was other insurance if workers [sic] compensation was denied, which it ultimately was.

> Ms. McPhail's testimony is far less credible than that of Ms. Smith. She stated initially that she did not have a clear memory of her time in the hospital with plaintiff. She also testified that she "knew the plaintiff was not out of school on his lunch break that day". She was in a position of authority over the plaintiff . . . . Plaintiff would not have refused this request under the circumstances.

Based on his credibility determinations, the magistrate determined that:

> These facts bring this accident to the level of arising out of and in the course of employment as required under Section 301 of the Act. The specific facts that do so, other than the statement that plaintiff was sent out for candy, include the fact that he was sent out by the person he considered his boss. The employer derived a benefit on several levels by this mission including the good will of the employees and students. The plaintiff had no personal gain or benefit to be derived by this mission other than the goodwill of his boss and other students and employees.

Ultimately, the magistrate determined that plaintiff was totally disabled from October 31, 2013 through February 12, 2015.

Defendants appealed the magistrate's opinion and order to the MCAC and solely argued that plaintiff's injuries were not compensable because plaintiff's immediate goal when he was injured was not related to running an errand for the school. To support this argument, defendants noted that the accident did not occur near a candy store and plaintiff did not have candy in his car. The MCAC agreed with defendants and reversed the magistrate's opinion and order awarding worker's compensation benefits to plaintiff. The MCAC found that the magistrate's credibility determinations were conclusory and concluded that the record did not support the magistrate's finding that Smith's testimony was more credible than the testimony of McPhail and Coleman. The MCAC additionally found that plaintiff leaving the school in the middle of the day did not benefit his employer because it did not "further[] the mission of the school in educating its students." This appeal followed.

## II. ANALYSIS

Plaintiff argues that the MCAC erred by disregarding the magistrate's findings of fact on a question of credibility and determining that plaintiff's actions were not of direct benefit to his employer. We agree.

## A. STANDARD OF REVIEW

The Michigan Legislature has created two standards of review in worker's compensation cases, one that applies to the MCAC's review of the magistrate's decision and one that applies to this Court's review of the MCAC's decision. *Mudel v Great Atlantic & Pacific Tea Co*, 462 Mich 691, 730; 614 NW2d 607 (2000).

> The "substantial evidence" standard governs the WCAC's[2] review of the magistrate's findings of fact, while the "any evidence" standard governs the judiciary's review of the WCAC's findings of fact. The WCAC enjoys statutory authority to make independent findings of fact, regarding issues that have been addressed or overlooked by the magistrate, as long as the record is sufficient for administrative review and does not prevent the WCAC from reasonably exercising its reviewing function without resort to speculation. The role of the WCAC is to ensure that the factual findings in worker's compensation cases are supported by the requisite evidence. The role of the judiciary is to ensure that the WCAC properly recognized and exercised its administrative appellate role. [*Id*. at 730.]

In sum, "the judicial standard of review is extremely deferential[.]" *Id*. at 703.

> [T]he judiciary must ensure that the WCAC did not misapprehend its administrative appellate role in reviewing decisions of the magistrate. As long as there exists in the record any evidence supporting the WCAC's decision, and as long as the WCAC did not misapprehend its administrative appellate role (e.g., engage in de

---

[2] The Worker's Compensation Appellate Commission (WCAC) was the predecessor to the MCAC.

novo review; apply the wrong rule of law), then the judiciary must treat the WCAC's factual decisions as conclusive. [*Id*. at 703-704 (footnote omitted).]

This Court reviews questions of law de novo. *DiBenedetto v West Shore Hosp*, 461 Mich 394, 401; 605 NW2d 300 (2000).

## B. ANALYSIS

The standard for the MCAC's review of a magistrate's findings of facts is found in MCL 418.861a(3), which provides:

> Beginning October 1, 1986 findings of fact made by a worker's compensation magistrate shall be considered conclusive by the commission if supported by competent, material, and substantial evidence on the whole record. As used in this subsection, "substantial evidence" means such evidence, considering the whole record, as a reasonable mind will accept as adequate to justify the conclusion.

The "whole record" is "the entire record of the hearing including all of the evidence in favor and all the evidence against a certain determination." MCL 418.861a(4). "The commission or a panel of the commission shall review only those specific findings of fact or conclusions of law that the parties have requested be reviewed." MCL 418.861a(11). The MCAC's review "shall include both a qualitative and quantitative analysis of th[e] evidence in order to ensure a full, thorough, and fair review." MCL 418.861a(13).

When the parties were before the MCAC, defendants raised only one question: "Was the immediate goal of [plaintiff] when he was injured on [sic] an errand for the school?" Defendants argued that, even if plaintiff was on a school errand at the time of the accident, his injuries were still not compensable because he had not yet purchased any candy and he did not appear to be preparing to do so in the immediate future. This was because plaintiff was not near an intersection where candy was sold at the time of his accident and there was no candy found in plaintiff's vehicle.

Defendants did not challenge the magistrate's findings of fact that plaintiff was, in fact, out buying Halloween candy at the time of the accident.[3] Rather, defendants asserted that plaintiff's

---

[3] Indeed, defendants repeatedly stated in their brief to the MCAC that plaintiff was sent to buy Halloween candy. For example, defendants begin the statement of facts in their brief by stating that plaintiff "was not turning to drive back to Detroit Community High School with the Halloween candy that he had been sent to buy given that there was no candy in his car after the crash." (Footnotes omitted). Defendants then went on to repeatedly state that plaintiff had been sent to buy Halloween candy throughout their brief. Consequently, the factual question of whether plaintiff had been sent to buy Halloween candy the day of the crash was conceded by defendants and thus clearly was not a question before the MCAC. As a result, this factual issue is waived. See *Braverman v Granger*, 303 Mich App 587, 608; 844 NW2d 485 (2014) ("A party who expressly agrees with an issue in the trial court cannot then take a contrary position on appeal.") (citation and quotation marks omitted).

"immediate goal" was not the purchase of candy. Despite this, the MCAC chose to review the magistrate's findings of fact on the question of whether plaintiff had been sent to buy Halloween candy at the time of the accident, rather than restricting its focus to the determination of plaintiff's immediate goal. This review by the MCAC was erroneous. As noted, MCL 418.861a(11) clearly states that the MCAC "shall review only those specific findings of fact or conclusions of law that the parties have requested be reviewed." Defendants did not ask the MCAC to review the magistrate's findings of fact on the issue of whether McPhail asked plaintiff to leave the school to buy candy and, by extension, whether plaintiff was injured while attempting to complete that task for McPhail. Consequently, the MCAC erred when it reviewed this finding of fact.

In reviewing the magistrate's findings of fact, the MCAC also erred when it failed to defer to the magistrate's credibility determinations. The magistrate credited Smith's testimony over the testimony of McPhail and Coleman because it found that Smith had no reason to lie and was focused on plaintiff's recovery. The magistrate contrasted Smith's testimony with that of McPhail, who testified that she did not have a clear memory of the events in question. The magistrate additionally found that Coleman's testimony was not credible because Coleman initially testified that he could not recall whether McPhail told Smith that she asked plaintiff to go buy candy, but then later gave differing testimony that McPhail did not make any such statement. As such, the magistrate made explicit credibility findings relating to whether McPhail told Smith that she asked plaintiff to go buy candy the day of the accident. But the MCAC rejected the magistrate's credibility determination and factual findings, holding that the magistrate's credibility determinations were conclusory and, therefore, not subject to any deference. We disagree. The magistrate explained why he viewed Smith as more credible than McPhail and Coleman. Accordingly, the magistrate's credibility findings and corresponding factual findings are entitled to deference by the MCAC and this Court. The MCAC erred by failing to defer to the magistrate's credibility determinations because they were supported by competent, substantial, and material evidence on the record, and the MCAC did not properly exercise its appellate role when it failed to review the magistrate's credibility determinations with the proper deference.

The MCAC also found, in the alternative, that *even if* plaintiff was out buying Halloween candy for his employer, his injuries were still not compensable because the errand was not of direct benefit to his employer. This Court recently summarized the circumstances under which an employee may make a worker's compensation claim against his or her employer for an injury that occurred while traveling to or coming from work, in *Smith v Chrysler Group, LLC*, ___ Mich App ___, ___; ___ NW2d ___ (2020) (Docket No. 339705); slip op at 3. The *Smith* Court stated:

> Under the [Workers' Disability Compensation Act, MCL 418.101 *et seq*.], employers provide compensation to employees for injuries suffered in the course of employment, regardless of fault. An employee who receives a personal injury arising out of and in the course of employment by an employer who is subject to the act at the time of the injury, shall be paid compensation. An employee is entitled to compensation where the nexus between the employment and the injury is sufficient to conclude that the injury was a circumstance of employment.
>
> Generally, an employee who suffers injury while going to or coming from work cannot receive worker's compensation benefits. However, exceptions to the general rule exist where

(1) the employee is on a special mission for the employer, (2) the employer derives a special benefit from the employee's activity at the time of the injury, (3) the employer paid for or furnished employee transportation as part of the employment contract, (4) the travel comprised a dual purpose combining employment-related business needs with the personal activity of the employee, (5) the employment subjected the employee to excessive exposure to traffic risks, or (6) the travel took place as a result of a split-shift working schedule or employment requiring a similar irregular nonfixed working schedule.

Injuries that occur under the above circumstances are compensable because there is a sufficient nexus between the employment and the injury such that the injury was a circumstance of the employment. [*Id*. (citations and quotation marks omitted).]

An injury is compensable as long as it satisfies any one of the six factors listed in *Smith*. *Id*. at ___; slip op at 6. Additionally, contrary to the MCAC's conclusion, there is no requirement that an injury occur when the employee's "immediate goal" was the mission for his or her employer. See *id*. at ___; slip op at 3, 6.

McPhail's testimony suggested that the school held a Halloween event each year at which candy was provided. According to Smith, McPhail admitted to sending plaintiff out to buy candy. The magistrate determined that defendant MM1 derived a benefit from this errand that included the "good will of the employees and students." If, as the magistrate appears to have found, there was indeed a Halloween event at which candy was provided, then plaintiff's task of retrieving candy was of direct benefit to his employer—the school hosting the Halloween event. Contrary to the MCAC's reasoning, there is no requirement that a specific task further the general mission of the employer in order to directly benefit that employer. Rather, a task that is ancillary to the employer's mission can nevertheless directly benefit an employer. The employer school chose to host a Halloween event and contributions made to that event directly benefitted the school. Thus, the MCAC erred when it found that, even if plaintiff was out buying candy at the time of his accident, such an errand did not directly benefit his employer. Finally, sending plaintiff, who was employed as a teacher at the time of the accident, away from the school for the express purpose of buying candy also assuredly qualifies as a "special mission." Consequently, the first two factors outlined in *Smith* have been fulfilled. See *id*. at ___; slip op at 3.[4] Thus, plaintiff is entitled to worker's compensation benefits because his injury "was a circumstance of employment." *Id*.

---

[4] Additionally, even if buying candy was only part of the reason plaintiff left school the day of the accident—for example if plaintiff combined the trip to buy candy with going somewhere to buy lunch—that would be sufficient to fulfill the requirement of the fourth factor listed in *Smith*: that "the travel comprised a dual purpose combining employment-related business needs with the personal activity of the employee." See *Smith*, ___ Mich App at ___; slip op at 3. Consequently, even if plaintiff's immediate purpose was not to buy candy at the time of the accident he is still

-6-

III. CONCLUSION

For the reasons stated in this opinion, we vacate the MCAC's opinion and remand for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ James Robert Redford
/s/ Michael J. Riordan
/s/ Jonathan Tukel

---

entitled to worker's compensation because at least part of the purpose for him leaving the school was to buy candy. Finally, nothing in the record before us establishes that the third, fifth, or sixth factors are applicable in this case. See *id*.